1  ROGER E. BORG, ESQ., Bar No. 117765
   20122 Santa Ana Avenue, #8A
2  Newport Beach, CA 92660
   Telephone: (714) 549-4452
3  roger.e.borg@gmail.com

4  Attorney for Plaintiff

5

6

7

8

9

10              **UNITED STATES DISTRICT COURT**

11          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

12

13  ABELARDO MARTINEZ, an individual,      Case No.   **'15CV511 JM  RBB**

        Plaintiff,                         **VERIFIED      COMPLAINT      FOR
14                                          VIOLATION  OF  THE  AMERICANS
        v.                                  WITH    DISABILITIES    ACT,    THE
15                                          UNRUH   CIVIL   RIGHTS   ACT,   THE
    ABERCROMBIE & FITCH CO., a              CALIFORNIA   DISABLED   PERSONS
16  Delaware corporation; and DOES 1-10,   ACT,      AND      CALIFORNIA
    inclusive,                             FINANCIAL CODE § 13082**
17
        Defendants.                        **DEMAND FOR JURY TRIAL**
18

19

20

21

22

23

24

25

26

27

28

Plaintiff Abelardo Martinez ("Plaintiff") alleges the following upon information and belief based upon investigation of counsel, except as to his own acts, which he alleges upon personal knowledge:

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*.

2.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's pendent claims under California Financial Code § 13082, the California Unruh Civil Rights Act, Cal. Civil Code § 51 *et seq*. ("Unruh Act"), and the California Disabled Persons Act, Civil Code § 54 *et seq*. ("CDPA").

3.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendant is subject to personal jurisdiction in this District, and a substantial portion of the conduct complained of herein occurred in this District.

## PARTIES

4.     Plaintiff Abelardo Martinez is a citizen of California and is domiciled within this judicial district.  Plaintiff is a customer of Defendant.  Plaintiff qualifies as an individual with disabilities. Plaintiff is blind and therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*., section 13082 of the California Financial Code, the Unruh Act, and the CDPA. Plaintiff has visited, attempted to patronize, and has been deterred from using Defendant's retail Point of Sale machines ("POS machines") as more fully set forth below.  Plaintiff is being deterred from patronizing Defendant's retail locations and POS machines based on Defendant's failure to properly include certain tactile symbols on certain function key surfaces of Defendant's POS machines. Plaintiff intends to return to Defendant's retail locations for the dual purpose of availing himself of the goods and services offered to the public at Defendant's retail locations

and to ensure that Defendant ceases violating its responsibilities under the applicable laws with respect to its POS machines.

5.     Plaintiff has been, and continues to be, adversely affected by Defendant's violations of the ADA, the Unruh Act, section 13082 of the Financial Code and the CDPA with respect to Defendant's POS machines.  Plaintiff has suffered direct and indirect injury as a result of the Defendant's actions and/or omissions as described herein.  Plaintiff has reasonable grounds to believe that Defendant will continue to subject him to the direct and indirect injury described herein based on Defendant's ongoing failure to bring its existing POS machines into compliance.

6.     Defendant Abercrombie & Fitch Co. ("Defendant") is a place of public accommodation pursuant to 42 U.S.C. § 12181(7)(F) and is either the lessor, lessee, and/or operator of the POS machines located within its retail locations.  Defendant owns and operates such POS machines.  Defendant is a Delaware corporation with its principal place of business in New Albany, Ohio.

7.     The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8.     At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants.  Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Defendant Abercrombie & Fitch Co. and DOE Defendants will hereafter collectively be referred to as "Defendant").

/ / /

## FACTUAL ALLEGATIONS

9.     Plaintiff, a blind individual, is a customer of Defendant.   Plaintiff patronized Defendant's Abercrombie & Fitch retail store located at the Westfield North County mall, 272 E. Via Rancho Pkwy in Escondido, California in or around February 2015.  Plaintiff attempted to make a purchase with a debit card, but was unable to make the purchase because all of Defendant's POS machines were not accessible to blind people.

10.     Specifically, Defendant's POS machines utilize a flat, touch-screen surface with features that are not discernible to blind individuals.   To make a debit card purchase at Defendant's stores, customers must slide their debit card through the POS machine and enter their Personal Identification Number ("PIN") on the flat touch-screen.  However, because Plaintiff cannot discern the numerical references displayed on the keypad of Defendant's POS machines, Plaintiff was precluded, and continues to be precluded from making a debit card purchase independently and without disclosing his PIN to Defendant's employees and/or a companion assistant.

11.     Thus, Defendant's use of POS machines discriminates against Plaintiff and other blind individuals in violation of the ADA, the Unruh Act, the CDPA, and section 13082 of the Financial Code.  This is especially true considering POS machines with tactilely discernible keypads are readily available and used by numerous retailers.

12.     Defendant does not provide any auxiliary aids or services calculated to make its POS machines fully accessible to, and independently usable by, blind people in violation of the ADA. *See* 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.101 *et seq.* Providing the auxiliary aids and services mandated by the ADA would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

13.     Defendant's non-compliance not only discriminates against blind individuals, but also threatens blind people with the loss of their private banking information where they are forced to either (1) make their debit card purchase and

VERIFIED COMPLAINT

disclose their PIN, or (2) not be able to make debit card purchases at Defendant's retail locations.

14.     Based on information and belief, Defendant uses touch-screen POS machines without tactilely discernible keys in its retail locations across California.  As such, Plaintiff is now being deterred from patronizing *any* of Defendant's POS machines and stores because it is Defendant's pattern and practice to use POS machines that are not usable by blind individuals.  Defendant's use of POS machines without tactilely discernible buttons constitutes a systematic violation of Plaintiff's and other visually impaired persons' right to full and equal enjoyment, as well as section 13082 of California's Financial Code since Plaintiff and other visually-impaired individuals cannot independently make debit card purchases without the disclosure of their private banking information.

## CLAIMS FOR RELIEF

### First Cause of Action

### Violation of the Americans With Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

### (By Plaintiff Against All Defendants)

15.     Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

16.     Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.*, provides:  "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).

17.     Defendant's retail locations are places of public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

18.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or

benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.  42 U.S.C. § 12182(b)(1)(A)(i).

19.    Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.   42 U.S.C. § 12182(b)(1)(A)(ii).

20.    Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden".   42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

21.    The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated there under.   Plaintiff, who is blind, has a physical disability that substantially limits the major life activity of seeing within the meaning of 42 U.S.C. §§ 12102(1)(A), (2)(A), and Plaintiff has been denied full and equal access to Defendant's POS machines, has not been provided services that are provided to other patrons who are not disabled, and/or has been provided services that are inferior to the services provided to non-disabled persons.  Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct.  These violations are ongoing.

22.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

<u>**Second Cause of Action**</u>

<u>**Violation of the Unruh Civil Rights Act, California Civil Code § 51 *et seq*.**</u>

**(By Plaintiff Against All Defendants)**

23.     Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

24.     The Unruh Civil Rights Act, California Code § 51 *et seq*., prohibits discrimination on the basis of disability by "all business establishments of every kind whatsoever." Defendant is a "business establishment" within the meaning of the California Civil Code § 51 *et seq*. and as such, is obligated to comply with the provisions of the Unruh Civil Rights Act.  The Unruh Civil Rights Act guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California.   Defendant is systematically and continuously violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq*., by denying equal access to its POS machines to Plaintiff as they do to non-disabled persons.

25.     Each of Defendant's violations of the Americans with Disabilities Act is likewise a violation of the Unruh Civil Rights Act.  Indeed, the Unruh Civil Rights Act provides that any violation of the ADA constitutes a violation of the Unruh Civil Rights Act.  Cal. Civ. Code, § 51(f).  Similarly, from December 31, 1981 until the present, violations of the standards that have been set forth in Title 24 of the California Code of Regulations (the "California Standards") likewise constitute a violation of the Unruh Civil Rights Act. The California Standards set forth design and construction standards that require public accommodations to maintain in operable working condition those features of facilities and equipment that are required to be accessible to and usable by persons with disabilities.

26.     Defendant's actions alleged herein constitute intentional discrimination against Plaintiff on the basis of a disability in violation of the Unruh Civil Rights Act, Cal. Civil Code § 51 *et seq.*, in that Defendant is denying Plaintiff, a person with a disability, full and equal accommodations, advantages, facilities, privileges, or services offered by Defendant.  Defendant has also violated the Unruh Civil Rights Act by violating the ADA and California Standards, as set forth above.  Defendant has further violated the Unruh Civil Rights Act, by *inter alia,* failing to operate its services on a nondiscriminatory basis and failing to ensure that persons with disabilities have nondiscriminatory access to Defendant's POS machines.  In doing the acts and/or omissions alleged herein, Defendant wrongfully and unlawfully denied access to its POS machines and facilities to Plaintiff and other individuals with disabilities, and acted intentionally and with knowledge of the effect its conduct was having on physically disabled persons such as Plaintiff.

27.     Further, Defendant has violated the Unruh Civil Rights Act by having, maintaining, establishing, or failing to abolish policies that discriminate against the visually impaired, which has resulted in accessibility barriers at Defendant's POS machines.

28.     Plaintiff has been and is being deterred from patronizing Defendant's POS machines as a result of his actual, personal knowledge of the violations stated above. The actions of Defendant were and are in violation of the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*, and, therefore, Plaintiff is entitled to injunctive relief remedying the discrimination.

29.     Plaintiff is also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense.

30.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

/ / /

/ / /

/ / /

**Third Cause of Action**

**Violation of the California Disabled Persons Act, California Civil Code § 54 *et seq*.**

**(By Plaintiff Against All Defendants)**

31.     Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

32.     Defendant operates, within the jurisdiction of the State of California, places of public accommodation and/or places to which the general public is invited and, as such, is obligated to comply with the provisions of the CDPA, California Civil Code § 54, *et seq.*

33.     The conduct alleged herein violated the CDPA, including without limitation California Civil Code §§ 54-54.3 *et seq.*   Similarly, each of Defendant's violations of the ADA is likewise a violation of the CDPA.   Civ. Code § 54.1(d), 54.3(a).

34.     Defendant's violations of the CDPA resulted in difficulty, discomfort and/or embarrassment for Plaintiff and as such, Plaintiff seeks to recover statutory damages, i.e., civil penalties pursuant to California Civil Code § 55.56(a)-(c).   Plaintiff is not, however, invoking section 55 of the California Civil Code and is not seeking injunctive relief under the CDPA at all.

**Fourth Cause of Action**

**Violation of California Financial Code § 13082**

**(By Plaintiff Against All Defendants)**

35.      Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

36.     Section 13082 of the California Financial Code provides, in pertinent part:

(a) Whenever a point-of-sale system is changed or modified to include a video touch screen or any other nontactile keypad, the point-of-sale device that would include the video touch screen or nontactile keypad shall also be equipped with either of the following:

(1) A tactually discernible numerical keypad similar to a telephone keypad containing a raised dot with a dot base diameter between 1.5

VERIFIED COMPLAINT

millimeters and 1.6 millimeters and a height between 0.6 millimeters and 0.9 millimeters on the number 5 key that enables a visually impaired person to enter his or her own personal identification number or any other personal information necessary to process the transaction in a manner that provides the opportunity for the same degree of privacy input and output available to all individuals.

36.    Section 13082 was passed in 2005 and gave retailers four years, until January 1, 2010, to come into compliance therewith.  Therefore, POS machines with tactilely discernible keypads were required to be permanently attached more than five years ago.

37.    As such, Defendant has been systematically violating this section of California's Financial Code for the last five years by failing to include tactilely discernible POS machines at its California locations.  Defendant's failure to make its POS machines fully accessible to, and independently usable by Plaintiff and other individuals who are visually impaired constitutes a violation of section 13082, entitling Plaintiff to injunctive relief and costs for this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, prays for relief and judgment as follows:

1.    A preliminary and permanent injunction pursuant to 42 U.S.C. § 12188(a)(1) and (2) and section 52.1 of the California Civil Code enjoining Defendant from violating the Unruh Civil Rights Act and ADA (Note:  Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the CDPA at all.);

2.    An award of statutory minimum damages of $4,000 per offense pursuant to section 52(a) of the California Civil Code or $1,000 per offense pursuant to section 54.3(a) of the California Civil Code (Note:  Plaintiff shall make an election prior to or at trial.);

3.    For attorneys' fees and expenses pursuant to California Civil Code §§ 52(a), 52.1(h), 54.3(a), and 42 U.S.C. § 12205;

4.    For pre-judgment interest to the extent permitted by law;

1    5.    For costs of suit; and

2    6.    For such other and further relief as the Court deems just and proper.

3

4  Dated: March 5, 2015                    ROGER E. BORG, ESQ.

5

6                                          By: /s/ Roger E. Borg, Esq.
                                               Attorney for Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFIED COMPLAINT

1

## __DEMAND FOR JURY TRIAL__

2       Plaintiff hereby demands a trial by jury of all claims and causes of action so

3  triable in this lawsuit.

4

Dated: March 5, 2015                ROGER E. BORG, ESQ.

5

6

7                                       By: _/s/ Roger E. Borg, Esq._
                                            Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION

I, _Abelardo Martinez_ hereby certify that I am the Plaintiff in this Civil Action and certify under penalty of perjury under the laws of the state of California that the foregoing Complaint is true and correct to the best of my knowledge, information, and belief.

DATE: _2-26-2015_

_[signature]_

Abelardo Martinez

1